UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-20529-CIV-KING

LORI LASKARIS, *et al.*,

    Plaintiff,

v.

FIFTH THIRD BANK,

    Defendant.

_____/

## ORDER TRANSFERRING VENUE

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss or Transfer Venue to the Southern District of Ohio (DE #10), filed April 1, 2013. For the reasons discussed below, the Court, being briefed on the matter,[1] finds that venue should be transferred to the Southern District of Ohio and the above-styled action should be closed.

On February 12, 2013, Plaintiffs Lori Laskaris and Daniel Laskaris filed a putative class-action lawsuit against Defendant Fifth Third Bank, alleging that Defendant's Early Access Program overcharged customers. The two-count Complaint (DE #1) alleged claims for usury (Count I) and breach of contract (Count II) and sought to represent all similarly situated persons. Previously, on August 3, 2012, William Klopfenstein and Adam McKinney filed a putative class-action complaint similarly alleging that Fifth

---

[1] Plaintiffs filed a Response (DE #16) on April 18, 2013. Defendant filed a Reply (DE #19) on May 6, 2013.

1

Third Bank overcharged customers of its Early Access Program, amount to, *inter alia*, breach of contract and usury. *Klopfenstein v. Fifth Third Bank*, No. 1:12-cv-00851 (S.D. Ohio).[2] The *Klopfenstein* action was originally filed in the Northern District of Ohio, but the court found that the Southern District of Ohio's Western Division was the most convenient venue because that is where Fifth Third Bank is headquartered, the Early Access Program was developed, and most evidence is located. *Klopfenstein v. Fifth Third Bank*, No. 1:12cv2007, 2012 WL 5378727, at *4 (N.D. Ohio Oct. 31, 2012). Accordingly, the *Klopfenstein* action was transferred to the Southern District of Ohio on October 31, 2012. *Id.* The above-styled action was filed more than six months after the *Klopfenstein* action. Defendant Fifth Third Bank was served on February 18, 2013, and on April 1, 2013 moved to dismiss the case or have venue transferred to the Southern District of Ohio.

In the interest of justice, a district court may transfer a case to another district or division in which the action may have been brought. 28 U.S.C. § 1404(a). In determining whether to transfer venue, courts may consider a variety of factors, including "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of

---

[2] A copy of the *Klopfenstein* complaint is attached to Defendant's Motion as Exhibit A. (DE #10-1). The amended complaint in *Klopfenstein* was attached as Exhibit B. (DE #10-2).

justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

A case also may be dismissed or transferred to the district in which a substantially related action was filed first. "The 'first-to-file rule' developed as a doctrine of federal comity. Competing lawsuits involving the same parties and the same issues in separate jurisdictions waste judicial resources and can lead to conflicting results." *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1324 (S.D. Fla. 2012). The Eleventh Circuit follows the first-to-file rule, and "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." *Manuel*, 430 F.3d at 1135. When the rule applies, "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d at 1324 (quoting *Cadle v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999)).

The Court need not address Defendant's argument for transfer pursuant to 28 U.S.C. § 1404 because application of the first-to-file rule is dispositive.[3] This case raises almost identical issues to those raised in *Klopfenstein*, which was filed six months before the above-styled action. Both actions allege breach of contract and usury related to Fifth Third Bank allegedly overcharging customers of its Early Access Program. Both are

---

[3] The Court, however, notes that Judge Christopher Boyko of the Northern District of Ohio found good cause to transfer venue under section 1404 to the Southern District of Ohio. *Klopfenstein v. Fifth Third Bank*, No. 1:12cv2007, 2012 WL 5378727 (N.D. Ohio Oct. 31, 2012).

3

putative class actions, with the plaintiff in *Klopfenstein* seeking to represent a national class. The contracts in both cases are identical. Thus, they are likely to substantially overlap. Based on these facts, this Court should transfer the above-styled action to the forum in which the *Klopfenstein* action is pending. *See In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d at 1324; *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Beta Construction LLC*, No. 8:10–cv–1541–T–26TBM, 2010 WL 3789042, at *3 (M.D. Fla. Sept. 24, 2010) ("The three primary considerations are (1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues."). Whether or not both cases should proceed independently is to be decided by the first-filed court.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Motion to Dismiss or Transfer Venue to the Southern District of Ohio (**DE #10**) be, and is hereby, **GRANTED in part**. Venue in the above-styled action is hereby **TRANSFERRED** to the Southern District of Ohio. The Clerk of the Southern District of Florida shall **CLOSE this case,** and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 13th day of May, 2013.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**